UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JEREMY S. FOGLEMAN,

    Plaintiff,

v.                                                      Case No. 3:16cv183-MCR-CJK

OKALOOSA COUNTY PRE-TRIAL
SERVICES, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This civil rights case is before the court on plaintiff's amended complaint. (Doc. 12). For the reasons that follow, the undersigned recommends that this case be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for plaintiff's failure to state a claim on which relief may be granted.

## BACKGROUND

Plaintiff is currently an inmate of Harrison County Adult Detention Center in Gulfport, Mississippi. The complaint names Okaloosa County Pre-Trial Services ("OCPTS") as a defendant. In addition, the complaint names "John Does I-X" as defendants. The complaint sets forth the factual allegations that follow.

On November 24, 2013, plaintiff attended a bail hearing in Okaloosa County, Florida. Judge John Brown set plaintiff's bail at $55,000 "with the stipulation that

the plaintiff wear a GPS monitor through Okaloosa County Pre-Trial Services." In addition, plaintiff was permitted to travel from Florida to California.

While plaintiff was on a trip to California, OCPTS issued an arrest warrant for plaintiff because he left Florida. "This was not the first time [plaintiff] left Florida and OCPTS knew it." Plaintiff notified OCPTS "each time he left." OCPTS "approved him for this trip and then later issued a warrant . . . claiming 'clerical error[.]'" Plaintiff claims OCPTS did not issue the arrest warrant based on a clerical error "because [OCPTS] knew he could go, they said he could go." Plaintiff "continued to check in by telephone" during his trip. Plaintiff "believes" the arrest warrant "was issued maliciously/or for other reasons, not because of a 'clerical error[.]'"

On January 21, 2014, law enforcement in California assaulted and "tased" plaintiff while arresting him. Plaintiff was injured and charged with felony assault on a law enforcement officer. After viewing video of the incident, the prosecutor reduced the charge to resisting arrest. Plaintiff pleaded no contest to the charge "to get back to Florida as soon as possible." He received a 90-day sentence but served only 45 days. During his confinement, plaintiff missed payments on his car and the marina storage space for his boat. The car was repossessed and the boat was sold in a lien sale.

After completing the sentence, plaintiff was transported to Florida and "forced to pay transport fees of $1,480.67 twice for a total of $2,961.34." On April 25, 2014, Judge Brown set bail for plaintiff a second time because the judge "had said [plaintiff] could travel to California." Plaintiff "spent another approx. $5,500 to be released on bond again[.]"

Based on the foregoing, plaintiff asserts OCPTS violated his right to due process under the Fourteenth Amendment. Plaintiff claims that "[d]ue to OCPTS's negligent actions [plaintiff] was injured and suffered loss to life, liberty, and his property." As relief, plaintiff requests compensatory and punitive damages.

## DISCUSSION

Title 28 U.S.C. § 1915 mandates that the district court dismiss an *in forma pauperis* action if the court determines that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). *See Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). In applying the standard, the court accepts all well-pleaded factual allegations in the complaint as true and evaluates all reasonable inferences derived from those facts in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994); *see also Franklin v.*

*Curry*, 738 F.3d 1246, 1251 (11th Cir. 2013) (holding that courts must follow the Supreme Court's "'two-pronged approach' of first separating out the complaint's conclusory legal allegations and then determining whether the remaining well-pleaded factual allegations, accepted as true, 'plausibly give rise to an entitlement to relief.'") (*quoting Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

As the Supreme Court reiterated in *Iqbal*, although Rule 8 of the Federal Rules of Civil Procedure does not require detailed factual allegations, it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." 556 U.S. at 678. A complaint must state a plausible claim for relief, and "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The mere possibility that the defendant acted unlawfully is insufficient to survive dismissal for failure to state a claim. *Id.* The complaint must include "[f]actual allegations . . . [sufficient] to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, that is, "across the line from conceivable to plausible." *Id.* at 570.

Here, the factual allegations in the complaint are insufficient to state a claim for relief. Plaintiff makes the conclusory assertion that the issuance of the arrest warrant was "malicious," but fails to plead facts to support that conclusion. *See Cotton v. Mass. Mut. Life Ins. Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005) (concluding that conclusory allegations are not "well-pleaded factual allegations" that must be accepted as true). Moreover, in the statement of claims section of the complaint, plaintiff himself characterizes OCPTS's actions as "negligent." The Supreme Court has held "that the Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property." *Daniels v. Williams*, 474 U.S. 327, 328, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986); *see also Cty. of Sacramento v. Lewis*, 523 U.S. 833, 849, 118 S. Ct. 1708, 140 L. Ed. 2d 1043 (1998) (The Supreme Court has concluded "that the Constitution does not guarantee due care on the part of state officials; liability for negligently inflicted harm is categorically beneath the threshold of constitutional due process."). "In other words, generally only *deliberate* decisions of government officials to deprive a person of life, liberty, or property invoke due process protections." *Drummond v. Circuit of Walker Cty.*, No. 6:15cv1512-AKK-SGC, 2015 WL 9451091, at *2 (N.D. Ala. Nov. 19, 2015) (*citing Lewis*, 523 U.S. at 849) (quotations omitted). "Accordingly, it seems clear an unintentional clerical error is not a proper basis on which to rest a due process claim." *Id.* (citing cases). Thus, although plaintiff "believes" the arrest

warrant "was issued maliciously/or for other reasons" and not because of a clerical error (doc. 12, p. 6), the complaint's factual allegations do not plausibly suggest that OCPTS's actions were malicious. *See Iqbal*, 556 U.S. at 678 ("Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'") (*quoting Twombly*, 550 U.S. at 557); *cf. Smith v. Fla. Dep't of Corr.*, 375 F. App'x 905, 911 (11th Cir. 2010) ("Smith's complaint makes only conclusory allegations of a retaliatory motive; it does not allege facts sufficient to raise that conclusion above the speculative level.").

Accordingly, it is respectfully RECOMMENDED:

1. That this case be DISMISSED WITHOUT PREJUDICE under 28 U.S.C. § 1915(e)(2)(B)(ii) for plaintiff's failure to state a claim on which relief may be granted.

2. That the clerk be directed to close the file.

At Pensacola, Florida, this 15th day of September, 2016.

*/s/ Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon the Magistrate Judge and all other parties.  A party failing to object to a Magistrate Judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* U.S. Ct. of App. 11th Cir. Rule 3-1; 28 U.S.C. § 636.